## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| **JOSEPH WEBSTER**, | 19-cv-11928 |
| Plaintiff, | |
| v. | HON. TERRENCE G. BERG |
| **ROBERT JONES**, | **ORDER OF SUMMARY DISMISSAL** |
| Defendant. | |

Joseph Webster is currently detained in the Wayne County Jail, in Detroit, Michigan. He has filed a total of 35 handwritten letters with the Court, beginning with two letters on June 3, 2019, then six letters on June 4, 2019, two on June 6, 2019, two on June 10, 2019, sixteen on July 15, 2019, one on July 16, 2019, one on July 19, 2019, two on July 22, 2019, two on July 29, 2019, and one on August 7, 2019. The letters are addressed to Chief Judge Denise Page Hood and concern a multitude of topics, most unrelated to one another. The Clerk's Office docketed the first letter as a prisoner civil rights complaint (ECF No. 1) and the subsequent letters as just that, letters (ECF Nos. 2–12, 14–30, 32–36, 37). For the reasons discussed below, the Court will dismiss this case without prejudice.

Rule 3 of the Federal Rules of Civil Procedure provides: "A civil action is commenced by filing a complaint with the court." Webster's letters do not indicate that he intends to file a complaint. He has not submitted any application to proceed in forma pauperis, so if these letters were to be considered a complaint, Webster would be assessed the full filing fee for this action, which is substantial. *See* 28 U.S.C. § 1915(b)(1); *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997) (holding that upon the filing of a complaint, a prisoner becomes responsible for payment of the entire filing fee), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). The Court therefore declines to construe Webster's letters as a complaint under Rule 3.

If Webster wishes to file a complaint, there is a form civil rights complaint that he can use. A copy of that form will be included with the served copy of this Order. If he wishes to pursue his case, Webster must plainly set forth the defendants and the grounds upon which he seeks relief. The filing of additional letters addressed to Chief Judge Hood or the undersigned will *not* be sufficient to commence a civil action in this Court.

The case is also subject to dismissal because the letters fail to comply Rule 8(a)(2) of the Federal Rules of Civil Procedure. That rule requires that a complaint set forth "a *short and plain* statement of the

claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis supplied). It is difficult to understand the facts alleged in Webster's letters and to discern what relief he seeks from this Court. Fundamentally, the letters fail to set forth a short and plain statement of his claims and therefore fail to comply with Rule 8(a)(2).

Accordingly, the Court **DISMISSES** this case without prejudice.

**SO ORDERED.**

Dated: August 19, 2019    <u>s/Terrence G. Berg</u>
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE